UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **YELLOWHAMMER LLC,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 7:21-CV-553-RDP |
| } | |
| **OLD REPUBLIC INSURANCE** } | |
| **COMPANY, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand and Request for Attorney's Fees and Costs (Doc. # 3), filed May 4, 2021. The court held a telephone conference on the record with the parties on May 11, 2021, to discuss the motion.

When a case is removed from state to federal court, "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). On a motion for remand, the party opposing remand has the burden to establish that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998). And, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In light of this standard, a defendant's removal of a case from state court is proper only if (1) the district court would have had original jurisdiction over the action and (2) the procedural requirements of the removal statute are satisfied. 28 U.S.C. § 1441(a). Original jurisdiction

includes, but obviously is not limited to, the type of jurisdiction (diversity of citizenship) asserted by Defendants. *See PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1305 (11th Cir. 2016). The requisite conditions for diversity jurisdiction are met if no plaintiff is a citizen of the same state as any defendant -- that is, there is complete diversity between the parties -- and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff asserts that diversity jurisdiction does not exist (and that, therefore, removal was improper) because the amount in controversy is not met in this case. Specifically, Plaintiff argues that the amount in controversy is less than $75,000 because Plaintiff alleged in its complaint that the total judgment sought against Defendants "shall not exceed the sum of $75,000.00." (Doc. # 3 at 3). The Eleventh Circuit has held that an *ad damnum* clause that expressly limits the damages sought by the plaintiff, such as the clause in Plaintiff's Complaint, "deserves deference and a presumption of truth" and that if a plaintiff chooses to include such a clause, courts should "not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants provide two reasons as to why the *ad damnum* clause does not deprive this court of jurisdiction. Neither rationale is compelling.

First, Defendants maintain that a repair estimate and email relating to the value of the underlying damages indicate that Plaintiff suffered damages of $88,976.70. (Doc. # 1 at 8). But, it is well settled that, regardless of the damages actually suffered, a plaintiff may stipulate to less than the jurisdictional amount to avoid removal under 28 U.S.C. § 1332(a). *See* Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[T]he plaintiff is the master of the statement of his claim . . . if the plaintiff chooses to ask for less than the jurisdictional amount in a state court

complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal."). So, such evidence is simply not relevant.

Second, Defendants cite to *Suter v. Arrowhead Inv. Co.*, 387 So. 2d 815 (Ala. 1980) and *Fuller v. Preferred Risk Life Ins. Co.*, 577 So. 2d 878 (Ala. 1991) for the proposition that *ad damnum* clauses are not binding in Alabama courts. (Doc. # 5 at 5). The court should not have to remind Defendants that this is a federal court and Alabama courts are not called upon to rule on remand motions. Further, Defendants misread these cases. In both decisions, the Alabama Supreme Court held that a plaintiff may recover more than demanded in the initial complaint. *See Suter*, 387 So. 2d at 818 ("In a litigated case, the prayer does not necessarily limit the amount of recoverable damages."); *Fuller*, 577 So. 2d at 883-84 (citations omitted) ("Rule 54(c), A.R.Civ.P., provides that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."). But, neither case interpreted an *ad damnum* clause explicitly limiting the amount recoverable by the plaintiff. Such clauses are commonly used to keep cases in state court and often serve as the basis of remand motions back to Alabama state courts. *See, e.g.*, *Southern Tank Leasing, Inc. v. K & M Express, Inc.*, 2019 WL 1199473, at *4 (S.D. Ala. Mar. 14, 2019) (determining remand was appropriate because "from the time the Complaint was filed until the present, [plaintiff]'s counsel has steadfastly, consistently hewed to the premise that its claims against [defendants] are for no more than $74,500" and "[t]his fact is reflected in the *ad damnum* provisions of the Complaint"); *UBS Financial Services*, 943 So.2d 118, 120 (Ala. 2006) ("The federal court remanded the case to the Etowah Circuit Court after [Plaintiff] amended her complaint to permanently and irrevocably limit her damages to less than $75,000, the statutory minimum for finding diversity jurisdiction.").

Finally, even if the damages clause in the complaint were insufficient to limit the amount in controversy here, (and, to be clear, it is not), Plaintiff's counsel stated on the record that he would forgo any award greater than $75,000. Courts have held that such stipulations are binding where, as here, the stipulation clarifies the *ad damnun* clause in the complaint instead of reducing the original demand. *See, e.g.*, *Rose v. Family Dollar Stores, Inc.*, 2006 WL 8437642, at *6 (N.D. Ala. June 9, 2006) (Smith, J.).

For the reasons stated above, and because there is no possibility that Plaintiff may recover damages sufficient to satisfy the jurisdictional threshold, the court finds that it lacks subject matter jurisdiction over the claims in this case.

A separate order will be entered remanding this case.

**DONE** and **ORDERED** this May 18, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE